UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

BENJAMIN CHAFETZ,
on behalf of himself and all others similarly situated,



**07 CIV. 6892**

**CLASS ACTION COMPLAINT**

Plaintiff,

-against-

BNA FINANCIAL SERVICES, INC.

Defendant

-------------------------------------------------------------------x

Plaintiff, by and through his undersigned attorney, alleges upon knowledge as to himself

and his own acts, and as to all other matters upon information and belief, brings this complaint

against the above-named defendant and in support thereof alleges the following:

## PRELIMINARY STATEMENT

1.      Plaintiff brings this action on his own behalf and on behalf of all others similarly

situated for damages and declaratory and injunctive relief arising from the defendant's violation

of §1692 *et seq.* of Title 15 of the United States Code, the Fair Debt Collections Practices Act

(hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and

unfair practices.

1

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.  This is an action for violation of 15 U.S.C. § 1692.

3.      Venue is proper in this district under 28 U.S.C. § 1391(b)(2).

## PARTIES

4.      Plaintiff Benjamin Chafetz (hereinafter "Chafetz") is a resident of the State of New York, Rockland County.  On or about January 17, 2007, plaintiff received a debt collection notice from defendant BNA Financial Services, Inc.

5.      Defendant BNA Financial Bureau Inc. is a Tennessee Corporation (hereinafter "BNA") engaged in the business of collecting debts with its principal place of business located in Smyrna, Tennessee.  Defendant regularly attempts to collect debts alleged to be due another.

## CLASS ACTION ALLEGATIONS

6.      Plaintiff brings this action as a nationwide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all consumers who have received debt collection notices and/or letters from the defendant which are in violation of the FDCPA, as of the date of plaintiff's complaint, and their successors in interest (the "Class").  Excluded from the Class is the defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of BNA.

7.      This action is properly maintained as a class action.  This Class satisfies all the requirements of Rule 23 for maintaining a class action.

2

8.     The Class is so numerous that joinder of all members is impracticable.  Upon information and belief, hundreds of persons have received debt collection notices from the defendant which violate various provisions of the FDCPA.

9.     There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member.  These common questions of law and fact include, without limitation:

a.     Whether the defendant violated various provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(4), 1692e(5) and 1692e(10).

b.     Whether plaintiff and the Class have been injured by the defendant's conduct;

c.     Whether plaintiff and the Class have sustained damages and are entitled to restitution as a result of defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

d.     Whether plaintiff and the Class are entitled to declaratory and/or injunctive relief.

10.     Plaintiff's claims are typical of the claims of the Class, and plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

11.     Plaintiff will fairly and adequately protect the interests of the Class and has retained experienced counsel, competent in the prosecution of class action litigation.

12.    A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

13.    A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a class action the Class members will continue to suffer losses of statutorily protected rights as well as monetary damages and if defendant's conduct will proceed without remedy it will continue to reap and retain the proceeds of its ill-gotten gains.

14.    Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

15.    On or about January 17, 2007, the defendant did send to the plaintiff a collection

letter concerning a $50 debt.  A copy of said letter is annexed hereto as **Exhibit A**.

16.    The January 17, 2007 collection letter stated:

"Our obligation is to inform you what we intend to do, which is:

1. Complete a suit information sheet, which will contain the following data.
    A) Employment verification
    B) Confirmation of property ownership
    C) Confirmation of any assets."

17.    The letter violates 15 U.S.C. §§ 1692e, 1692e(4), 1692e(5) and 1692e(10), by

falsely threatening suit on a $50 dollar matter and implying that nonpayment will

result in the seizure, garnishment, attachment or sale of any property or wages of

any person.

18.    As a result of defendant's abusive, deceptive and unfair debt collection practices,

plaintiff has been damaged.

## FIRST CAUSE OF ACTION
(Violations of the FDCPA)

19.    Each of the above allegations is incorporated herein.

20.    Defendant's debt collection letter violated various provisions of the FDCPA,

including but not limited to 15 U.S.C. §§ 1692e, 1692e(4), 1692e(5) and 1692e(10) by

employing false, deceptive and misleading representations in connection with the collection of a

debt by stating that the debt collector will complete a suit information sheet.

21.    As a result of defendant's violations of the FDCPA, plaintiff has been damaged and is entitled to statutory damages, costs and attorney's fees.

**WHEREFORE**, plaintiff respectfully requests that the Court enter judgment as follows:

a)    Declaring that this action is properly maintainable as a class action and certifying plaintiff as Class representative;

b)    Awarding plaintiff statutory damages;

c)    Awarding class members the maximum statutory damages.

d)    Awarding plaintiff costs of this action, including reasonable attorneys' fees and expenses; and

e)    Awarding plaintiff such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the FRCP, plaintiff hereby demands a trial by jury.

Dated: July 19, 2007
       Uniondale, New York

Abraham Kleinman (AK-6300)
626 RexCorp Plaza
Uniondale, New York 11556-0165
Telephone (516) 522-2621
Facsimile  (888) 522-1692

6

**Exhibit A**

# BNA FINANCIAL BUREAU, INC.

8000 Safari Dr ◆ Smyrna TN 37167-6605
**(615) 836-0100 or Toll Free (800) 727-3032**

January 17, 2007
Creditor:        Good Samaritan
**Amount Due:**   **$50.00**

| Account Number | Patient Name | Balance |
|---|---|---|
| 8702649 | Chafetz Benjamin | 50.00 |
| | **Total Amount Due:** | **$50.00** |

## *****NOTICE OF INTENTION*****

The amount shown remains unpaid and we can only assume you do not intend to pay.

Our obligation is to inform you what we intend to do, which is:

1.  Complete a suit information sheet, which will contain the following data.
    A)   Employment verification
    B)   Confirmation of property ownership
    C)   Confirmation of any assets.
2.  Recommend the necessary steps in order to collect this debt to our client. Payment of your balance to this office within seven (7) days will prevent further contact.

This is a communication from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose. This collection agency is licensed by the collection service board, state department of commerce and insurance, 500 James Robertson Parkway, Nashville, TN 37243. North Carolina Department of Insurance Permit # 3785.

If you wish to pay by VISA or MasterCard, fill in the information below and return the entire letter to us.

| Account Number | Payment Amount | Expiration Date |
|---|---|---|
| | $ | / |

Card Holder Name                     Signature of Card Holder          Date

UONBNAF01207

***Detach Lower Portion And Return With Payment***

---

PO Box 899
Smyrna TN 37167-0899

RETURN SERVICE REQUESTED



# BNA FINANCIAL BUREAU, INC.
**(615) 836-0100 or Toll Free (800) 727-3032**

January 17, 2007

1474845-207   190455    82934

Benjamin Chafetz
116P Edison Ct
Monsey NY 10952-1955

**PLEASE MAKE YOUR CHECKS PAYABLE TO:**
Good Samaritan
Attn: Cashier
255 Lafayette Ave
Suffern Ny 10901-4879

Creditor Acct #: 8702649
Creditor: Good Samaritan
Amount Due: $50.00
Patient Name:   Chafetz Benjamin